**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Andrew Flynn and
David Hutchinson

      v.                                    Civil No. 04-cv-17-PB

Timothy H. Bradley, et al.


**O R D E R**

Plaintiffs move to compel production of documents responsive to request nos. 9-17 and 20-25.  Defendants object.

Discussion

1.  Request nos. 9-12 bank statements of Bradley Tree Service, Bradley Tree and Landscape, Bradley Tree Equipment, Timothy Bradley or Kathleen O'Dell from March 2000 to present (including brokerage and investment accounts for the latter two).

To each of these requests defendants have asserted objections but assert they nevertheless have produced all non-privileged, responsive documents.  If they have produced all such documents they cannot be ordered to produce more.  If they have not produced all these documents they are ordered to produce the rest, except for those which are privileged.  The latter must be on a privilege log.

2.  Request nos. 13-17.  Assets of each of the defendants.

Again defendants each advance objections but agreed to

produce all but those which are privileged.  If they have

complied then the motion is moot as to these requests.  If not,

then defendants have waived all non-privileged objections and are

ordered to produce the balance.

   3.   Request nos. 20-23.  Documents concerning the
        relationships and transfer of assets between and among
        Bradley Tree Service, Bradley Tree and Landscape,
        Bradley Tree Equipment, Timothy Bradley or Kathleen
        O'Dell.

While asserting objections defendants have agreed to produce

all responsive documents except those which are privileged.  They

are ordered to produce any they have not provided and provide a

log of all responsive privileged documents.

   4.   Request no. 24.  Bookkeeping and accounting documents
        of Bradley Tree Service, Bradley Tree and Landscape and
        Bradley Tree Equipment.

Again defendants claim they have produced all such documents

except for work product and/or privileged documents.  If they

have then they cannot be compelled to do more.  If not then they

are ordered to do so.

   5.   Request no. 25.  Tax Returns.

Despite objections made defendants claim to have produced

all non-privileged responsive documents.  It is clear from the

filings that only redacted returns were produced.  Defendants

2

have not shown that the redactions were of privileged matters.

Having waived their objections they must produce unredacted

returns.

The motion (document no. 37) is granted in part and moot in

part.

**SO ORDERED.**

_____

James R. Muirhead
United States Magistrate Judge

Date: July 29, 2005

cc:   William E. Christie, Esq.
      Vinita Ferrera, Esq.
      Christopher R. Noyes, Esq.
      Barbara J. Dougan, Esq.
      Stephen H. Oleskey, Esq.